**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MOSLEY,** <br> **Plaintiff,** <br><br> **v.** <br><br> **WELLS FARGO *et al* SETTLEMENT ADMINISTRATOR,** <br> **Defendant.** | : | **CIVIL ACTION NO. 23-CV-4669** |

**MEMORANDUM**

**PEREZ, J.** **DECEMBER 12, 2023**

James Mosley, a frequent litigator in this Court, has filed a Complaint *pro se* against "Wells Fargo *et al* Settlement Administrator" asserting claims for breach of contract and possible constitutional claims.[1] Mosley also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mosley *in forma pauperis* status, and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTUAL ALLEGATIONS[2]

Mosley alleges that on November 29, 2022 he received a letter from non-defendant Wells Fargo Card Services indicating that he had an outstanding balance of $2,279.41 on his account.

---

[1] In addition to this case, Mosley has filed at least nine other *pro se* civil actions in this Court since 2022. *See Mosley v. Huggins*, No. 22-5212; *Mosley v. Bank of Am.*, No. 23-30; *Mosley v. Jensen Bagnato, P.C.*, No. 23-562; *Mosley v. Ten Penn Center*, No. 23-813; *Mosley v. City of Philadelphia*, No. 22-1665; *Mosley v. City of Philadelphia*, No. 23-2248; *Mosley v. Bagnato*, No. 23-2996; *Mosley v. Starbucks Corp.*, No. 23-4000; *Mosley v. Bartle*, No. 23-4169. All but one of those cases, No. 22-5212, were dismissed on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[2] The factual allegations set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2) and attached exhibits (ECF No. 2-1). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

(Compl. at 3; *see also* ECF No. 2-1 at 4 (Nov. 29, 2022 Letter).)  The letter does not specify the nature of the account.  Mosley alleges that this balance "was settled" through a class action styled *Jabbari v. Wells Fargo & Co.*, No. 15-2159 (N.D. Cal.).  Defendants "Wells Fargo *et al* Settlement Administrator"[3] allegedly forwarded Mosley a payment from the class action settlement stating that, as part of the settlement agreement, Wells Fargo has requested that credit reporting agencies delete records related to closed accounts.  (*Id.*; *see also* ECF No. 2-1 at 2.)  Mosley appears to believe that the terms of the settlement agreement mean that his $2,279.41 debt should have been, but was not deleted.  (*Id.* at 4.)  He states that he has been banned from doing business with Wells Fargo due to the alleged breach of the settlement agreement, and has been denied the benefit of the settlement.  (*Id.*)  He states further that Wells Fargo has exhibited

---

[3] The docket for this case prepared by the Clerk of Court lists one Defendant, "Wells Fargo Settlement Administrator."  However, Mosley seems to have intended to name two Defendants since he inserted the words "*et al*" between "Wells Fargo" and "Settlement Administrator."  Construing the Complaint liberally, the Court will consider "Wells Fargo" and "Settlement Administrator" to be separate Defendants and direct the Clerk of Court to correct the docket.

From the exhibits Mosley attached to his Complaint, and from judicial and governmental records the Court may examine in conducting a statutory screening under § 1915(e)(2)(B)(ii), *see In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (stating that the Court in conducting a statutory screening may take judicial notice of prior court proceedings); *see also Vanderklok v. United States*, 868 F.3d 189, 205 (3d Cir. 2017) (stating that the Court may take judicial notice of the information published on a government website when conducting a statutory screening), it appears clear that Wells Fargo and Settlement Administrator are not the same entity.  "Wells Fargo" appears to refer to Wells Fargo Bank, N.A., which is a national bank headquartered in Sioux Falls, South Dakota.  *See* https://www.consumerfinance.gov/enforcement/actions/wells-fargo-bank-na-2022/ (last viewed Dec. 11, 2023).

The entity appointed by the United States District Court for the Northern District of California in *Jabbari* to be the "Settlement Administrator" is an entity named Rust Consulting. (*See, e.g. id.*, No. 15-2159, ECF No. 271 (stating "The Court confirms its previous appointment of Rust Consulting as the Settlement Administrator and finds that it has so far fulfilled its duties under the Settlement.  The Court orders that the Settlement Administrator shall be paid according to the Settlement Agreement for expenses relating to the Notice Plan and administration of the Settlement.").)

bias and discriminatory practices and violated Mosley's "class member due process equal rights." (*Id.*) He seeks $5 million in compensatory damages. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. Constitutional Claim

Mosley asserts that Defendant Wells Fargo has exhibited bias and discriminatory practices and violated Mosley's "class member due process equal rights." (Compl. at 4.) There are several problems with this claim to the extent that Mosley intends to assert a constitutional

claim. First, the vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). To the extent Mosley intended to assert a constitutional claim against Wells Fargo, since a bank is not a "state actor" liable under § 1983, the claim is not plausible. *Accord, Mosley v. Bank of Am.*, No.23-30 (ECF No. 5 at 5 (stating that Mosley's § 1983 constitutional claim against the Bank of America was not plausible because banks are not state actors) (citing *Johnson v. TD Bank Nat'l Ass'n*, No. 22-4108, 2022 WL 17405831, at *4 (E.D. Pa. Dec. 1, 2022), *aff'd*, No. 22-3363, 2023 WL 2203572 (3d Cir. Feb. 24, 2023) ("Courts in the Third Circuit have repeatedly held that 'constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors.'"))). Moreover, Mosley's bald assertions that Wells Fargo "exhibited bias and discriminatory practices" and violated Mosley's "class member due process equal rights" are conclusory. For this additional reason, Mosley has failed to allege a plausible constitutional claim. *Iqbal*, 556 U.S. at 678.

**B. Breach of Contract Claim**

Mosley also asserts a breach of contract claim. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)

over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). The plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely."). Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa LLC*, 652 F.3d at 344. To determine the citizenship of a corporation for purposes of diversity under § 1332, courts use the test announced by the United States Supreme Court in *Hertz Corp.*

*v. Friend*, 559 U.S. 77 (2010). Under *Hertz*, a corporation is a citizen of its state of incorporation and its principal place of business, i.e., its "nerve center." *Id.* at 80-81. A nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically "found at a corporation's headquarters." *Id.*

A national bank like Wells Fargo has no state of incorporation. *See Berkowitz v. Midlantic Corp.*, No. 90-1811, 1997 WL 452206, *4 (D.N.J. July 18, 1997). Rather, a national bank is incorporated by the federal government. *See* 12 U.S.C. § 24. Congress has passed a statute specifically addressing the citizenship of national banks. *See* 28 U.S.C. § 1348. That statute instructs that "all national banking associations shall . . . be deemed citizens of the States in which they are respectively located." *Id.* The United States Supreme Court held "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

As noted, Wells Fargo N.A. is headquartered in Sioux Falls, South Dakota. Mosley provides a street address for himself in Philadelphia and a street address for "Settlement Administrator" in San Francisco, California. He provides no domicile information for himself and no corporate domicile information about Rust Consulting since he did not bring suit against that entity by its actual name. Mosley has, therefore, failed to meet his burden of establishing complete diversity of citizenship.

Moreover, Mosely has not met his burden to allege that his case meets the diversity damages threshold. He raises only a breach of contract claim against the Defendants, states that the amount of the balance of his account that should have been extinguished through the settlement was $2,279.41, but demands millions for damages. "As a general rule, [the amount in controversy to establish the diversity threshold] is determined from the good faith allegations

appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also* 28 U.S.C. § 1446 ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").  "The sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).  Punitive damages, if legally available for a claim, "must [also] be considered in determining the amount in controversy." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (citations omitted).

In Pennsylvania, "contract law espouses three distinct, yet equally important, theories of damages to remedy a breach of contract: 'expectation' damages, 'reliance' damages, and 'restitution' damages." *ATACS Corp. v. Trans World Communications, Inc.*, 155 F.3d 659, 669 (3d Cir. 1998) (citing *Trosky v. Civil Serv. Comm'n*, 652 A.2d 813, 817 (Pa. 1995)).  Expectation damages are the preferred approach because they place the injured party in the position that would have resulted from receiving the benefit of the bargain. *Id.*  The standard measurement for such damages are recovery of "the losses caused and gains prevented by defendant's breach, to the extent that are in excess of any savings made possible by nonperformance." *Id.* (citing *Am. Air Filter Co. v. McNichol*, 527 F.2d 1297, 1299 (3d Cir.1975)).  Reliance damages may be pursued where the ability to recover expectation damages "is clouded because of the uncertainty in measuring the loss in value to the aggrieved contracting party." *Id.* (citing Restatement (Second) of Contracts § 349 cmt. a (1981); 5 Arthur L. Corbin, CORBIN ON CONTRACTS, § 1031, at 188 (1963)).  Restitution also can provide an appropriate measure of relief where the injured party's ability to recover is clouded or otherwise not feasible.  Under this theory the

breaching party must disgorge the benefits received to the party who conferred them. *Id.* Most importantly, "under Pennsylvania law, punitive damages are not recoverable in a breach of contract claim." *Dehart v. HomEq Servicing Corp.*, 679 F. App'x 184, 189 (3d Cir. 2017); *Thorsen v. Iron and Glass Bank*, 476 A.2d 928, 932 (Pa. Super. Ct. 1984) ("The law is clear that punitive damages are not recoverable in an action for breach of contract." (citations omitted)).

Because Mosley's claims against the Defendants allege only breach of contract for which punitive damages are not available, the proper measure of damages under any of the three compensatory theories would be limited to the amount of the balance Mosley claims should have been deleted – $2,279.41 – since he asserts this was the benefit of the settlement that he was denied. Given that he cannot recover anything else on his breach of contract claim, his claim for millions in damages is not made in good faith and the value of his claim falls below the diversity threshold to a legal certainty.

**IV. CONCLUSION**

For the stated reasons, Mosely's Complaint is dismissed in its entirety. His constitutional claims are dismissed with prejudice and his state law breach of contract claim is dismissed without prejudice for lack of subject matter jurisdiction. Mosley may pursue that claim in an appropriate state court. An appropriate dismissal Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**MIA R. PEREZ, J.**